12274

WATKINS v. COE

(139 S. E., 464)

1. LANDLORD AND TENANT—TENANT AND SUB-TENANT, WORKING AS
SHARE CROPPERS, HELD "COPARTNERS."—Tenant and sub-tenant work-
ing with him as share cropper *held* "copartners" in such under-
taking.

2. LANDLORD AND TENANT—PERSON MAKING ADVANCES TO SUB-TENANT
  MAKING CROP WITH TENANT HELD ENTITLED TO RECOVER SUB-TEN-
ANT'S SHARE, APPROPRIATED BY TENANT WITHOUT AUTHORITY.—Per-
son making advances to sub-tenant for purpose of making a crop as
a share cropper with tenant *held* entitled to recover of tenant the
part of share crop belonging to sub-tenant and appropriated by
tenant without authority.

Before DENNIS, J., Darlington, July, 1926. Affirmed.

Action by J. W. Watkins against John Coe and another.
Judgment for plaintiff, and defendant named appeals.

The judgment of Judge E. C. Dennis, affirmed on appeal,
is as follows:

"This action was instituted by the plaintiff against
the defendants to recover for advances made by the
plaintiff to the defendant, Amos Phillips, during the
year 1920, for the purpose of making a crop with the other
defendant, John Coe. The complaint alleges that the de-
fendants were copartners, and that the crops made were by
collusion and fraud between the defendants, made way with
and appropriated by the defendant Coe in fraud of the rights
of the plaintiff. The defendant Coe answered, setting up
that the defendant Phillips was a tenant share cropper with
him, the crop being planted under an ordinary share crop
agreement, and that the defendant Phillips was indebted to
him and that he had only collected such portion of the crop as
was due him on his indebtedness, and not in any collusive

NOTE: The Probate Judge found that the farm was rented from Mr.
McNair by Coe and Phillips, who agreed between themselves to share
expenses and profits in the cultivation of the land. This he held con-
stituted Coe and Phillips partners in the enterprise. He specifically
held "that Phillips was not a cropper, in the sense of receiving a por-
tion of the crop as wages."—*Reporter.*

scheme to defeat the plaintiff's claim. The matter was referred to the Judge of Probate for this County to hear and determine all issues, and he has submitted his report in favor of the plaintiff, Watkins, for the full amount claimed by him. To this report, the defendant John Coe has filed certain exceptions. The defendant Amos Phillips did not file any answer, and made no contention hostile to that of the plaintiff. This case comes before me upon exceptions to the report of the Judge of Probate.

"So much of the exceptions as raise the question of copartnership between the defendants John Coe and Amos Phillips are sustained, as I find as a matter of fact that John Coe rented the land and Amos Phillips worked with him as a share cropper for the year 1920.

"So much of the exceptions as question finding No. 2 of the Judge of probate are overruled. I find that the plaintiff made advances to Phillips for the purpose of enabling him to make the crop, and that the same was done with the consent and acquiscence of Coe.

"I find that the defendant Coe did appropriate to himself a part of the crop of Amos Phillips, to which he was not entitled, as he received a larger part of the crop than any indebtedness due him by Phillips. I confirm the master's report that there were 10 bales of cotton made on this crop, but I further find that 5 of these bales of cotton were divided, and that the defendant Amos Phillips received his part and used the same, or part of the same, to make a payment to the plaintiff on account. I find from the evidence that the defendant John Coe received from the share of Amos Phillips in the share crop the sum of $400 more than he was entitled to. That making all of the legitimate indebtedness of Phillips to Coe and paying the same out of the share of Phillips in the share crop which went into the hands of John Coe, there yet remains the sum of $400 which Coe had not accounted for, and which he should pay to the plaintiff. The defendant Amos Phillips does not contest the right of Watkins to recover whatever

16—S. C. 141

part of the share crop belongs to him, and therefore Watkins is entitled to whatever would be due the defendant Phillips.

"It is therefore ordered and adjudged that the defendant John Coe received wrongfully out of the share of Amos Phillips the sum of $400, to which he had no right or claim, and that he should account for the same by paying over said amount to the plaintiff in this action, the said amount having been fraudulently taken into possession by the defendant John Coe, and retained by him without right, and it is further ordered that the plaintiff have judgment against the defendant John Coe for the sum of $400 and the costs of this action."

*Messrs. Spears & Want* and *George H. Edwards*, for appellant, cite: *Distinction between partners and share-croppers:* 127 S. E., 842; 128 S. E., 715; 123 S. C., 44; 110 S. C., 487.

*Messrs. Miller, Lawson & Stokes,* for respondent, cite: *Partnership contract:* 20 S. C., 1; Id., 6; 40 S. C., 511; 126 S. E., 423; 20 R. C. L., 823; 125 S. E., 394; 47 S. E., 488; 92 S. E., 706; 86 N. C., 463; 105 N. C., 296; 37 Am. Rep., 607; 114 S. C., 1; 75 S. C., 108; 90 S. C., 94; 13 S. C., 170; 8 R. C. L., 374.

September 19, 1927.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE WATTS.

For the reasons assigned by Hon. E. C. Dennis, Circuit Judge, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.